STATE of Minnesota, Respondent,

v.

Marvin William WALL, Appellant.

No. C0-84-623.

Court of Appeals of Minnesota.

June 12, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Ann L. Carrott, Douglas County Atty., Alexandria, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This is a sentencing appeal by which appellant seeks a review of an order denying him resentencing in accordance with the November 1, 1983, retroactive changes in the sentencing guidelines.

The facts of this case are set forth in an earlier appeal, *State v. Wall*, 343 N.W.2d 22 (Minn.1984). Appellant pled guilty to second-degree felony murder in violation of Minn.Stat. § 609.19(2) (1982), after strangling his wife. The presumptive sentence was an executed term of 116 months (presumptive range of 111–121 months), given the offense severity level of X and appellant's criminal history score of zero. However, he received a 180-month sentence. The Supreme Court reduced appellant's sentence to 121 months, the maximum without departure, after concluding that aggravating circumstances were not present to justify a durational departure of 59 months. *Wall*, 343 N.W.2d at 26.

The Sentencing Guidelines Commission reclassified felony murder as a severity level IX offense effective November 1, 1983, so that the presumptive sentence range for a person with a criminal history score of zero became 102 to 108 months. However, because the issue of retroactive resentencing was not before it, the Supreme Court did not rule on the retroactive application of this change to appellant's case. *Id.* at 23 n. 1.

Subsequently, appellant requested a reduction in his sentence in accordance with the November 1, 1983, reclassification.

The reduction was denied by the sentencing judge.

## DISCUSSION

Minn.Stat. § 244.09, subd. 11, as amended by Laws of Minnesota 1983, Ch. 274, § 10, provides:

MODIFICATION RETROACTIVE EFFECT. The commission shall meet as necessary for the purpose of modifying and improving the guidelines. Any modification of the guidelines that causes a duration change *shall* be retroactive for all inmates serving sentences imposed pursuant to the Minnesota sentencing guidelines if the durational change reduces the appropriate term of imprisonment.

(Emphasis added).

The State contends that the statute does not require a mandatory retroactive reduction of a prior sentence. The language of the statute, on its face, mandates retroactive application. The State's second contention is that although the Supreme Court could not find sufficient aggravating factors to justify a departure of 59 months, the facts in this case do justify the present sentence of 121 months, a durational departure of 13 months.

The County Attorney's argument is made in good faith and has some persuasive weight but the Supreme Court has already spoken on this case and disposed of all her arguments. In stating that "we conclude that aggravating circumstances were not present," no qualification, such as that urged by the State, was made. Therefore, we reverse and order sentence in conformity with the amended guidelines.

## DECISION

The trial court's order is reversed and the sentence is ordered reduced to 108 months.

Reversed.