STATE of Minnesota, ex rel. Arthur KOST, petitioner, Appellant,

v.

Robert ERICKSON, et al., Respondent.

No. C3–84–437.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Ron Meshbesher, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Att. Gen., Richard Hodsdon, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by SEDGWICK, P.J., and NIERENGARTEN, and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from a Washington County District Court order denying appellant's petition for a writ of habeas corpus. Appellant petitioned for the writ on two grounds: (1) that the Minnesota Corrections Board acted improperly in setting his target release date; and (2) that he was denied equal protection because the good time that he earns is applied against his sentence differently than the good time earned by inmates under the determinate sentencing system. We affirm the denial of the writ of habeas corpus as modified.

## FACTS

Appellant Arthur Kost was convicted of armed robbery in Virginia in 1964. He was sentenced by the Virginia Courts to 16 years in prison.

Two years later, he took a prison employee hostage and escaped from the Virginia prison. Appellant was recaptured several months later in Minnesota. While being transported from Minnesota back to Virginia, he pulled a pistol on the guards and escaped. He was recaptured within a couple of hours and returned to prison in Virginia.

Appellant was tried, convicted, and sentenced in Virginia for abduction and es-

cape. Eventually, he was paroled and returned to Minnesota.

After his release, appellant was involved in an armed confrontation in a drug deal which went awry. Appellant escaped by forcing a victim into his car and driving off.

Appellant was convicted of two counts of kidnapping and one count of aggravated assault. Pursuant to Minn.Stat. § 609.035 (1976) which prohibits multiple sentencing for conduct arising from the same circumstances, he was sentenced in 1977 to prison for a term of 0 to 40 years for his "kidnapping with injury" conviction.

The court ordered the sentence to be served consecutively to a Virginia sentence for parole violation. Appellant was confined in prison in Virginia until June 26, 1981, when he was paroled to the custody of the Minnesota Commissioner of corrections to begin serving his Minnesota sentence.

Ten months later the Minnesota Corrections Board set a target release date of July 29, 1988, for appellant. This reflected a matrix sentence of 51 months plus an aggravation of 36 months because of "the unfound victim," and because "[w]e see the offense as extremely serious and stress the importance of caution being used in any future release planning."

Appellant's petition for a writ of habeas corpus was denied. He raises the following issues.

## ISSUES

1. Can the Minnesota Corrections Board properly take into account the severity of the injuries to the victim when it set appellant's target release date, even though the injury, but not its severity, was already taken into account in determining the severity level of the offense?

2. Did the board provide appellant with sufficient reasons for the 36-month aggravation of his matrix term?

3. Has appellant been denied his Fourteenth Amendment right to Equal Protection by virtue of the fact that earned good time is applied differently for inmates serving a determinate sentence than those serving an indeterminate sentence?

## ANALYSIS

■ 1. The Minnesota Corrections Board may properly consider the severity of the victim's injuries in determining a defendant's sentence according to Rule 7–104.2(b) of the Minnesota Corrections Board Parole Decision-Making Guidelines.

This is consistent with the criminal justice system's aim to punish the perpetrators of the more heinous crimes more severely than those commiting less serious crimes.

■ 2. Parole Decision-Making Guideline 7–104.2(b) provides that an inmate must be provided with a written statement of the reasons aggravating the matrix sentence. The guidelines do not specify how detailed this written statement must be. However, due process requires that "detailed findings of fact are not required, provided the [Commissioner's] decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision ... and the essential facts upon which the [Commissioner's] inferences are based." *Solomon v. Elsea,* 676 F.2d 282, 286 (7th Cir.1982).

Here, only a conclusory statement that the injuries to victim were serious was provided. No facts supporting this conclusion were given. Nor is there a record which enables this court to determine whether earlier parole has been denied for an impermissible reason.

Appellant is already serving an extra 33 months because he injured his victim during the kidnapping. Had he been convicted for kidnapping without injury his matrix time would be 18 to 24 months instead of 51 to 60 months.

In the absence of findings establishing the seriousness of the injuries, aggravation of appellant's sentence by an additional 36 months cannot be sustained.

■ 3. Lastly, appellant argues that he is denied equal protection of the law because

his good time reduces his whole sentence, rather than the period of incarceration, as is the case for defendants given determinate sentences.

All the state need show in order to satisfy equal protection requirements is some rational basis for its allocation of appellant's good time. *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). The retroactive application of a state statute providing a new good time scheme is something for the state to resolve, the Supreme Court said in *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

It was the legislature's decision not to give retroactive effect to the good time provisions of Minn.Stat. § 244.04 (1983) when the law was passed. The rational basis for this decision was the administrative difficulties in recalculating the sentences of the many convicts in prison under the indeterminate sentencing system. Therefore, appellant must lose on this issue.

## DECISION

We reverse the 36 month aggravation of appellant's sentence because no findings supporting this decision to aggravate were provided.

Appellant has not been denied his Fourteenth Amendment right to Equal Protection by virtue of the fact that earned good time is applied differently for inmates serving a determinate sentence than those serving an indeterminate sentence.

We affirm the denial of petitioner's writ of habeas corpus as modified.