**Gordon FRATZKE, Petitioner,**

v.

**Orville PUNG, Commissioner of Corrections, et al., Respondent.**

**No. C1–85–1175.**

Court of Appeals of Minnesota.

Dec. 10, 1985.

Review Denied Jan. 31, 1986.

Deborah Ellis, Thomson & Hawkins, St. Paul, for petitioner.

Hubert H. Humphrey, III, Atty. Gen., Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, Robert W. Kelly, Washington Co. Atty., Stillwater, for respondent.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Gordon Fratzke, convicted of first degree murder in 1982, appeals from an order denying his petition for a writ of habeas corpus. Fratzke contends that his mandatory life sentence under Minn.Stat. § 244.05, subd. 4 deprives him of certain constitutional rights, including equal protection. Since this was not a direct appeal from a final judgment of conviction of murder in the first degree, Minn.R.Crim.P. 29.02, subd. 1, we have accepted jurisdiction. We affirm.

## FACTS

Gordon Fratzke was convicted of first degree murder in 1982 and was given a mandatory life sentence. The issue before us concerns his eligibility for supervised release.

Prior to May 1, 1980 an inmate without a prior felony record who was convicted of first degree murder other than premeditated murder was eligible for supervised release as if sentenced to a term of 20 years, less good time credit. In other words eligibility for supervised release for those inmates existed after just under *14 years*

imprisonment. Minn.Stat. § 243.05 (1984). Fratzke is such an inmate.

Effective May 1, 1980 the legislature abolished indeterminate sentencing and adopted determinate sentencing. *See* Minn.Stat. ch. 244. Under Minn.Stat. § 244.05, subd. 4, inmates convicted of first degree murder must serve a minimum term of *17 years* imprisonment prior to being eligible for supervised release. This difference of approximately three years led Fratzke to petition for a writ of habeas corpus seeking an earlier supervised release date. His petition was denied by the trial court. He was unable to secure legal assistance and we declined to appoint counsel for him on appeal. Following submission of his brief he secured counsel.

## ISSUES

1. Is Minn.Stat. § 244.05 unconstitutional because it "excludes" first degree murder from the Minnesota Sentencing Guidelines?

2. Was appellant denied equal protection because of the differing parole eligibility statutes which exist for first degree murder?

3. Is appellant entitled to appointment of counsel for appeal of his habeas corpus action?

## ANALYSIS

### I.

Appellant claims Minn.Stat. § 244.05 is unconstitutional because it "excludes" first degree murder from the Minnesota Sentencing Guidelines. This issue was never raised in the trial court. We will not consider an issue on appeal which has not been raised at the trial court level. *State v. Packard*, 366 N.W.2d 721 (Minn.Ct.App. 1985).

In any event, first degree murder is not excluded from the sentencing guidelines law. *See* Minn.Stat. § 244.05, subd. 4. However, these inmates are treated differently for sentencing because they have a mandatory life sentence under Minn.Stat. § 609.185 (1984), as opposed to a fixed sen-

tence. Release authority for these inmates rests with the Commissioner of Corrections, subject to the mandatory minimum sentence imposed under Minn.Stat. § 244.-05, subd. 4. *See* Minn.R. 2940.1800 (1984). Because of the severity of the offense as well as the mandatory life sentence, it is rational to exclude first degree murder from the sentencing guidelines matrix.

## II.

█ Fratzke asserts that the distinction of supervised release date eligibility between persons who commit crimes before May 1, 1980 (sentenced under Minn.Stat. § 243.05) and those who commit crimes on or after May 1, 1980 (sentenced under Minn.Stat. § 244.05) denies him equal protection. Fratzke seeks the benefit of the sentencing provisions of § 243.05.

In changing schemes from indeterminate to determinate sentencing, the legislature did increase the mandatory minimum term for first degree murder. While *ex post facto* considerations prevent increasing the sentences of those convicted prior to May 1, 1980, the legislature clearly has the power to prospectively increase the punishment for a crime. A rational basis for this decision exists inasmuch as the legislature is entitled to enact laws imposing stiffer sentences. *See McGinnis v. Royster,* 410 U.S. 263, 270, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282 (1973) (determination of optimal time for parole eligibility based on legislative classifications require only a rational basis to be sustained). *See State ex rel. Kost v. Erickson,* 353 N.W.2d 237 (Minn.Ct.App. 1984).

Fratzke also contends the drafters of Minn.Stat. § 244.05, subd. 4 overlooked the provisions of § 243.05, and erroneously assumed or were misinformed that the minimum time to be served on a life sentence was 17 years. This contention is unsupported.

█ Nor is § 243.05 applicable to Fratzke's case merely because it was amended in 1981 (*see* 1981 Minn. Laws, ch. 192) and in 1983 (*see* 1983 Minn. Laws, ch. 274 § 4). The 1981 amendment essentially made minor stylistic changes. The 1983 amendment similarly made stylistic changes, and contained provisions reflecting the abolition of the Minnesota Corrections Board. Neither of these amendments shows a legislative intent to implicitly repeal § 244.05. Nor is such an intent shown by the 1981 amendments to the first degree murder statute. 1981 Minn. Laws ch. 227, § 9.

Finally, Fratzke argues that there would be no need to update Minn.Stat. § 243.05 in 1981 and 1983 if that statute were only applicable to persons convicted prior to May 1, 1980 because such laws are generally repealed. This argument is purely speculative. Because it is not for this court to decide which laws should be repealed, we reject this argument also.

## III.

█ Fratzke contends he was denied effective assistance of counsel because he was not appointed counsel for this appeal. Neither the United States Supreme Court, the Minnesota Supreme Court, nor any Minnesota statutory authority grants habeas corpus petitioners a right to appointed counsel for appeals. Fratzke cites no authority and we decline to adopt his position. We note that counsel was secured to assist Fratzke after he filed a pro se brief and counsel filed a reply brief in this matter.

## DECISION

The order of the trial court denying appellant's petition for a writ of habeas corpus is affirmed.

Affirmed.