Andrew Philip HOROSHAK,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C2-90-2477.

Court of Appeals of Minnesota.

May 7, 1991.

Review Denied July 1, 1991.

See also, Minn.App., 415 N.W.2d 404.

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

John M. Stuart, State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Richard G. Carlson, Sp. Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Duluth, for respondent.

Considered and decided by LANSING, P.J., and PETERSON and SCHULTZ *, JJ.

## OPINION

LANSING, Judge.

In a constitutional challenge to Minn. Stat. § 244.09, subd. 11a, Andrew Horoshak contends that limiting retroactive relief petitions to sentences reduced by legislative changes in the durational cells of the guidelines grid denies equal protection to individuals serving sentences reduced by other legislative modifications in the guidelines matrix. Because the distinction in subdivision 11a serves a legitimate state purpose, we uphold its constitutionality and affirm the postconviction court's denial of Horoshak's petition for retroactive sentence reduction.

## FACTS

In 1986 Andrew Horoshak was convicted and sentenced on six counts of receiving stolen property under Minn.Stat. § 609.53, subd. 1(1) (1985). *See State v. Horoshak,* 415 N.W.2d 404 (Minn.App.1987) (affirming conviction and sentence), *pet. for rev. denied* (Minn. Jan. 28, 1988). At that time, the sentencing guidelines classified violations of section 609.53, subd. 1(1) as severity level VI offenses.

In 1989, Minn.Stat. § 609.53, subd. 1 (replacing section 609.53, subd. 1(1)) was reclassified as a severity level IV offense,

pursuant to Minn. Const. art. VI, § 2.

and Horoshak sought retroactive reduction of his sentence. The postconviction court, applying Minn.Stat. § 244.09, subd. 11a (1990), denied Horoshak's petition because it was based on a severity level reclassification, not a durational cell modification.

## ISSUE

Does Minn.Stat. § 244.09, subd. 11a deny equal protection by limiting retroactive sentence reduction to offenders whose sentences are affected by modifications in the durational cells of the sentencing guidelines grid?

## ANALYSIS

Minn.Stat. § 244.09, subd. 11a permits an individual serving a sentence "for which there is a modification in the cells of the guidelines grid" to petition for retroactive reduction of the sentence. The right to petition for relief under subdivision 11a "does not apply to modifications in the sentencing guidelines other than modification of the numbers in the cells of the guidelines grid." *Id.*

When an equal protection challenge does not involve a suspect class or fundamental right, the state need only show "some rational basis" to sustain a distinction between two statutorily created classes. *See McGinnis v. Royster*, 410 U.S. 263, 270, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282 (1973). Although the state's brief failed to examine the statute's classifications, a review of the legislative history of subdivision 11a reveals a legitimate state purpose for the distinction.

In 1983 the legislature sought to reduce tension in prisons caused by the disparity between preguidelines and guidelines sentences by providing a limited right to retroactive sentence reduction. *Hearing on S.F. No. 1354 Before the Senate Comm. on the Judiciary* (Mar. 14, 1984) (statement of Sen. Allan Spear, Chairman, Senate Comm. on the Judiciary). Accordingly, the legislature added the following sentence to subdivision 11:

Any modification of the guidelines that causes a *duration change* shall be retroactive for all inmates serving sentences imposed pursuant to the Minnesota sentencing guidelines if the durational change reduces the appropriate term of imprisonment.

Minn.Stat. § 244.09, subd. 11 (Supp.1983) (emphasis added). Minnesota courts applied this subdivision not only to sentences affected by durational cell modifications, but also to sentences affected by severity level reclassifications. *See, e.g., State v. Wall*, 349 N.W.2d 342 (Minn.App.1984).

The legislature, however, out of concern for future "administrative feasibility," had purposely intended to limit retroactive relief only to durational *cell* changes. *Hearing on S.F. No. 1354 Before the Senate Comm. on the Judiciary* (Mar. 14, 1984) (statement of Kay Knapp, Director, Minnesota Sentencing Guidelines Commission). When the amendment to subdivision 11a was being considered, the Sentencing Guidelines Commission was preparing to modify offense severity levels and criminal history scoring. The legislature expressed concern that the Commission might hesitate to recommend its planned revisions if doing so would result in the modification of many sentences already being served. The legislature also considered that granting retroactive relief for every anticipated change would have "a huge impact on the judiciary." *Hearing on S.F. No. 1354 Before the Senate Comm. on the Judiciary* (Mar. 14, 1984) (statement of Sen. Michael Freeman). In order to "make it clear" that "retroactivity applies only to changes in the durational grid," the legislature amended subdivision 11a to its present form. *Hearing on S.F. No. 1354 Before the Subcomm. on Criminal Law of the Senate Comm. on the Judiciary* (Feb. 14, 1984) (statement of Sen. Allan Spear).

The classifications drawn by subdivision 11a serve a legitimate state purpose and are not manifestly arbitrary. *See Miller Brewing Co. v. State*, 284 N.W.2d 353, 356 (Minn.1979). The legislature recognized that disparity in sentencing created tension in prisons and sought to alleviate part of the problem by permitting limited retroactive relief. Although subdivision 11a does not fully remedy the causes of disparate

sentences, legislatures may adopt regulations that only partially ameliorate a perceived evil. *See Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 466, 101 S.Ct. 715, 725, 66 L.Ed.2d 659 (1981) (holding that a ban on one type of environmentally harmful container does not violate the equal protection clause merely because use of another harmful container is permitted to continue).

In attempting to reduce sentence inequities, the legislature also sought (1) to ensure that the commission would be free to implement its anticipated revisions of severity levels and criminal history scoring without concern for the impact on current sentences; and (2) to protect the criminal justice system from an avalanche of petitions for postconviction relief. Together these administrative concerns are adequate justification for a legislative classification under the rational basis standard. *See State v. Papp*, 415 N.W.2d 95, 97 (Minn. App.1987) (day-care licensing statute does not deny equal protection by exempting care providers who are relatives or who care for children from a single family); *State ex rel. Kost v. Erickson*, 353 N.W.2d 237, 240 (Minn.App.1984) (nonretroactive application of good time statute satisfies equal protection standard because the administrative difficulty of recalculating sentences provides a rational basis).

## DECISION

Because legitimate administrative considerations provided a rational basis for differentiating between sentences affected by durational cell modifications and sentences affected by severity level modifications, Minn.Stat. § 244.09, subd. 11a does not violate the equal protection clause. The trial court properly denied Horoshak's petition for retroactive sentence reduction.

Affirmed.